Minshall, C. J.
The suit below was an action of replevin to recover the possession of certain personal property described in the petition. It was tried to a jury on a general denial, except the averment of a demand for the goods; and a verdict was rendered for the plaintiff, finding that they were, at the commencement of the action, entitled to the possession of the property, and that the defendants unlawfully detained the same, and assessing their damages at one cent. A motion for a new trial was overruled and judgment entered on the verdict. On error to the circuit court, the judgment was reversed on the ground that the court erred in admitting evidence offered by the plaintiffs below, and in overruling’ a motion for a new trial. The first g’round of the motion is, that the petition does not state facts sufficient to constitute a cause of action; the second and third are as to the admission of improper evidence; the fourth, error in the charge of the court; the fifth, improper conduct of the bailiff; and, finally, that the verdict is contrary to law and the undisputed evidence. No evidence was offered as to the misconduct of the bailiff, and no exception was reserved as to the charge of the court; so that the only questions presented are, (1) as to the sufficiency of the petition, (2) the admissibility of certain evidence, and (3) whether the verdict is contrary to law. We will consider these questions in their order.
1. There was no demurrer to the petition, its sufficiency having been raised for the first time in the motion for a new trial. So that the question might be stated to be, whether it was sufficient after verdict. But we prefer to waive this question, and consider the assignment as if raised on *623 demurrer. The objection to the petition is, that it does not, in so many words, aver that the. plaintiffs are entitled to the possession of the property. The language of the petition is, that, “The defendants, and each of them, wrongfully detain from the plaintiffs the following goods and chattels of the plaintiffs,” describing them, and averring that they have been so detained for a certain period of time to the damage of the plaintiffs, $300. Now it is not claimed that the language “the following goods and chattels of the plaintiffs,” is not a sufficient averment of ownership; for to be the goods and chattels of the plaintiffs, they must be the owners of them; but it is claimed that the petition should, also, contain an averment, that the plaintiffs are entitled to the possession. One may be the general owner of property and not entitled to its possession. This is so in many instances, and, particularly so, in most eases of bailment. Still we do not think it necessary, in the action of replevin, that the averment should be made in so many words. The gist of the action in this state, as held in Williams v. West, 2 Ohio St., 87, is the unlawful detention of the property. There can be no such thing as a wrongful detention of property from a plaintiff where he is not entitled to the possession. So that where there is an averment of ownership, whether general or special, with an averment of, wrongful detention, by the defendant, the plaintiff must, by necessary implication, aver that he is entitled to the possession. What is necessarily implied in the language used is as much a part of the pleading as if it were expressed in totidem verbis. Doyle v. Doyle, 50 Ohio St., 330. The petition is not only as specific as the requirements of the language of the statute regu *624 lating the action, but is in conformity with approved forms. Sections 5814 and 5815, Revised Statutes. Swan’s Pleadings and Precedents, 446 ; 2 Bates’ Pleadings, 690. In the form given by some of the authors, is contained an express averment that the plaintiff is entitled to the possession of the property, in addition to an averment of ownership, and also, of wrongful detention. 1 Nash’s Pleadings and Practice, 586; 2 Yaple, Code Practice, 896; 2 Kinkead’s ■ Code Pleadings section1080. N o exception canbe taken to such forms. They have the merit of greater exactness; but it does not follow therefrom, that the form given by Swan and by Bates is insufficient, when construed according to the liberal principles of the Code. It would be impossible as a matter of law to support the averment of wrongful detention by the defendant without showing a right to the possession of the property by the plaintiff; and one of the best tests' of the sufficiency of the language employed in a pleading is the evidence that would, in law, be required to support it. ■
2. As to the admissibility of the evidence complained of: The plaintiffs below, Grever & Son, in June, 1891, sold the defendant, Thomas J. Taylor, a bill of goods on credit. The goods were delivered in August, and a few days afterwards turned over to his wife, Olive J. Taylor, in payment of an indebtedness to her, of long standing. The suit was brought to recover the goods on the ground of fraud in the purchase. The defendant, a merchant tailor, residing in Findlay, Ohio, had, in January prior to this time, visited Cincinnati, and made a purchase of the plaintiffs amounting to some $450. Prior to the sale the plaintiffs inquired of the defendant as to his pecuniary circumstances and his *625 indebtedness. He stated that he had $400 — he had made on the bench, that he had no other property and was not in debt. He then paid some $250 on the purchase and got credit for the balance. This was afterward paid. Afterward, in June following the goods in question were purchased. The purchase was made of the plaintiffs through an agent sent by them to Findlay. It amounted to a considerable sum, and, shortly after being received, was turned over to the wife of the plaintiff. His indebtedness to her amounted to over $800', and was evidenced by a promissory note. He gave her a new note for the balance due, after crediting himself with the value of the goods turned over, and she surrendered the old note. Nothing was said by the defendant at the time of his last purchase of the plaintiffs, about his indebtedness to his wife; and he was indebted to her for the-same money at the time of the first purchase, although when' asked as to his indebtedness, he said he was indebted-tono one. No question can be made as to the competency of this testimony to show fraud in the purchaser. He was insolvent and must have known that he could not pay for the property when he purchased it, and concealed the fact from the vendors; and, furthermore, the inference is a fair one from the fact of his insolvency, and the haste with which he turned the goods over to his wife, that he did not intend to pay for them, but intended, when he made the purchase, to do with them exactly what he did do, almost as soon as he received them. The evidence, however, which the circuit court held to be incompetent, was the statement of the principal member of the firm in answer to a question, that at the time he sold the goods in question, he still relied on the information given *626 him by Taylor as to his being free of debt, at the time of the first purchase. This would be the natural presumption, unless he had learned something to the contrary, and the evidence tended to show that he had not. A person may, where it is material, be asked as to his intention in a given instance; and the evidence that was given, is quite analogous to evidence as to intention. It is not conclusive; for, as in evidence as to intention, it is for the jury to determine from all the circumstances, under what influences he acted at the time of the sale. The case is simply this: Taylor, a resident of Findlay, Ohio, visited Cincinnati, for the purpose of purchasing a bill of goods, and called on the plaintiffs to whom he was a stranger. He was asked as to his pecuniary circumstances, and, particularly, as to whether he was indebted. And, although he was then indebted to his wife in a sum much greater than he could pay, stated that he was not indebted. That the plaintiffs had aright to rely on this statement is not questioned, and, relying on it, sold Taylor a bill of goods, partly on credit and partly for cash. He afterwards punctually discharged the credit, and some months after-wards, purchased another bill of goods on credit, without in any way correcting the false information he had given as to his indebtedness at the time of the first purchase; and the question now arises, whether the seller had a right to rely, in making' the last sale, on the statements made by the purchaser at the first one. This we think was a question of fact for the jury, and was fairly submitted to it by the court in its charge. Zabriskie v. Smith, 13 N. Y., 322; Von Bruck v. Peyser, 2 Robertson, N. Y., 468.
3. The circumstances show that the wife is not in a position to claim the protection of an innocent *627 purchaser for value. The proof shows that she knew all the circumstances as well as her husband, and virtually stands in his shoes as to the purchase. He was indebted to her, and, as she says, had been pressing him for payment. She knew his circumstances and that he had not paid for the goods; and that, in taking them from him in part payment of what he owed her, a fraud was being perpetrated on the party from whom he had purchased. But if it were otherwise, as the only consideration she gave for the goods was part of her husband’s preexisting debt to her, she cannot, under the law, claim to be a bona fide purchaser for value. This was recently determined in this court, in the well considered case of Eaton & Co. v. Davidson, 46 Ohio St., 355. It cannot then be said that the verdict is contrary to law and the undisputed evidence. By reason of the fraud practiced by the husband, the seller had the right to recover his goods, and the wife as against the seller, for the reasons just stated, occupies no better position than the husband. By the recovery no injustice is done the wife. For, as said by Dickman, J., in the case, just cited, “If the consideration of the purchase from the fraudulent vendee is the release of a pre-existing debt, the purchaser will be restored to what he may have yielded up, if the original owner who has been defrauded reclaims and recovers the property. The consideration having failed, it will be the right of the purchaser to be placed in statu quo, and the courts in the exercise of their remedial powers, will be adequate and furnish him needed relief, even though, as in the present case, there may have been a surrender of a promissory note.”
Judgment of the Circuit Court reversed, and that of the Common Pleas affirmed.
Burkett, J., not sitting.